**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**  <br><br>VS.  <br><br>**RAMON D. BROWN,**  <br><br>Defendant | **NO. 1: 10-CR-10 (WLS)**  <br><br>VIOLATION:  Firearms Related |

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a DETENTION HEARING was this day held in the above-captioned case before the undersigned. Defendant BROWN was represented by Ms. Demetria Nicole Williams of the Federal Defenders Office; the United States was represented by Assistant U. S. Attorney Graham Thorpe. Based upon the evidence presented and proffered to the court on behalf of the parties, as well as the Pretrial Service Report of the U. S. Probation Office dated February 19, 2010, I conclude that the following facts require the detention of the defendant pending the trial of this case.

### PART I - FINDINGS OF FACT

☐ (1) There is PROBABLE CAUSE to believe that the defendant has committed an offense

  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.

  ☐ under 18 U.S.C. §924(c).

☐ (2) The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

#### ALTERNATIVE FINDINGS

☐ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### PART II - WRITTEN STATEMENT OF REASONS FOR DETENTION

Applying the factors set forth in 18 U.S.C. §3142(g), I find that the evidence proffered at the DETENTION HEARING, as supplemented by information contained in the aforementioned Pretrial Services Report, establishes by clear and convincing evidence that no condition or combination of conditions set forth in 18 U.S.C. §3142(c) will reasonably assure the safety of the community were the defendant to be released from custody. The defendant is a long-time resident of Albany, Georgia although it appears that he has no stable place of residence and may, in fact, be homeless. The offense of POSSESSION OF A FIREARM BY A CONVICTED FELON charged against him herein is a serious one for which long-term incarceration can be expected in the event of a conviction or plea of guilty primarily because of his past conviction record. The weight of evidence is very strong: a Lorcin Model L380 , 380 caliber pistol was found inside a bag he was carrying, which bag he had discarded during a foot chase just prior to being taken into custody; the defendant admitted that he knew the gun was in the bag and that he had in fact recently fired the pistol. He was taken into custody by police following their response to a disturbance at 2707 Dawson Road, Albany, Georgia where the defendant had allegedly made threats to harm his sister.

The defendant has a lengthy record of felony convictions which includes ARMED ROBBERY, Superior Court of Dougherty County, 1993; AGGRAVATED STALKING and AGGRAVATED ASSAULT (2 cts.), Superior Court of Dougherty County, charged in 2003; AGGRAVATED STALKING, Superior Court of Dougherty County, charged in 2004; RIOT IN A PENAL INSTITUTION, Superior Court of Dougherty County, charged in April of 2004; and, RIOT IN A PENAL INSTITUTION, Superior Court of Dougherty County, charged in August of 2004.

Importantly, defendant BROWN also has a history of five (5) probation violations going back to 1998 and continuing to 2009, indicating to the undersigned that he lacks the ability to comply with requirements of supervision such as those that would be imposed upon him as conditions of pretrial release. Accordingly, pretrial detention is mandated. IT IS SO ORDERED.

## PART III - DIRECTIONS REGARDING DETENTION

The defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, this 24th day of FEBRUARY, 2010.

CLAUDE W. HICKS, JR.
**UNITED STATES MAGISTRATE JUDGE**